IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## STATE OF TENNESSEE v. MICHAEL A. FOSTER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-00066     Arthur T. Bennett, Judge**

---

**No. W2000-01838-CCA-R3-CD - Filed August 21, 2001**

---

The Appellant, Michael A. Foster, was indicted by a Shelby County Grand Jury for possession of cocaine in excess of .5 gram, a class B felony. Under the terms of a plea agreement, Foster pled guilty to criminal attempt to possess cocaine less than .5 gram, a class D felony. The plea agreement further provided that Foster would receive a sentence of two years with the manner of service of the sentence to be determined by the trial court. Following a sentencing hearing, the trial court ordered that Foster's two-year sentence be served in confinement in the Shelby County Correction Center. On appeal, Foster argues that the trial court erred in denying an alternative sentence. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

William D. Massey, Memphis, Tennessee, for the Appellant, Michael A. Foster.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Pritchard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On May 1, 1998, Memphis police officers executed a search warrant at the Appellant's residence. Upon entering the residence, officers observed the Appellant disposing of cocaine in the kitchen sink. After a further search, officers found 8.2 grams of cocaine in the Appellant's bedroom, and recovered 1.1 grams of cocaine from the kitchen sink.

On June 30, 2000, a sentencing hearing was conducted by the trial court which developed the following facts. The Appellant is thirty-eight years old and received his GED while incarcerated in the Kentucky Corrections System. The Appellant's prior criminal history involves sixteen convictions, including four misdemeanor drug offenses for possession of cocaine and marijuana, and two felony drug offenses for possession of cocaine with intent to sell. The two felony offenses occurred in Kentucky in 1990, where the Appellant received consecutive five-year sentences. The Appellant was paroled to Tennessee in 1991. In 1993, his parole was revoked. After serving additional time, he was again paroled to Tennessee in December 1993. At the time of the current offense, the Appellant was on parole for the 1990 Kentucky felony drug convictions. The trial court denied the Appellant an alternative sentence and imposed total confinement for the following reasons: (1) the Appellant's long history of criminal conduct, (2) confinement was necessary to avoid depreciating the seriousness of the offense, (3) confinement was particularly suited for the Appellant to provide an effective deterrent, and (4) the Appellant's failure at rehabilitation by less restrictive sentences.

## ANALYSIS

The Appellant contends that the trial court erred by denying his request for an alternative sentence and, specifically, the alternative sentence of community corrections. When the sentencing court properly considers the relevant sentencing considerations, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, the trial court properly considered principles of sentencing. Accordingly, the sentence is afforded the presumption of correctness.

The Appellant maintains the burden of showing that his sentence of total confinement is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments, (1997); Ashby, 823 S.W.2d at 169. In making our review, this court must consider the evidence presented at the sentencing hearing, the presentence report, the principles of the sentencing, the arguments of counsel, the nature and characteristics of the offense, any applicable enhancement or mitigating factors, any statements made by the Appellant, and the Appellant's potential for rehabilitation. Tenn. Code Ann. § 40-35-102, -103, -210 (1997); Ashby, 823 S.W.2d at 168.

Because the Appellant was convicted as a range 1 offender for a class D felony, he is presumed to be a favorable candidate for an alternative sentence, absent evidence to the contrary. Tenn. Code Ann. § 40-35-102(5), (6) (1997). Evidence to the contrary may be established if it is shown that the Appellant has a long history of criminal conduct, that confinement is necessary to avoid depreciating the seriousness of the offense, that confinement is particularly suited for the Appellant to provide an effective deterrent, or that the Appellant has not been rehabilitated with less restrictive methods. Tenn. Code Ann. § 40-35-103(1)(A)-(C) (1997).

In the present case, we find that the trial court properly denied the Appellant's request for alternative sentencing, based upon its finding of (1) an extensive history of criminal activity, (2)

the need to avoid depreciating the seriousness of the offense, (3) that confinement is particularly suited for the Appellant to provide an effective deterrent, and (4) the failure of previously imposed sentences to provide effective rehabilitation. Any one of these factors is sufficient under the provision of Tenn. Code Ann. § 40-35-103(1) (A), (B), or (C) to defeat entitlement to an alternative sentence. The proof is replete with "evidence to the contrary," justifying the trial court's imposition of total confinement.

## CONCLUSION

After review of the issues before us, we conclude that the trial court did not err by denying the Appellant's request for an alternative sentence. The Appellant has failed to establish that the sentence of total confinement as imposed by the trial court was improper. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE